# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JUANITA M. CRUMP-DONAHUE**                                                                 **PLAINTIFF**

vs.                                              **4:07-CV-00511-WRW**

**UNITED STATES DEPARTMENT**
**OF AGRICULTURE**                                                                              **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2). Defendant has responded (Doc. No. 5) and Plaintiff has replied (Doc. No. 6).

### BACKGROUND

Most of Plaintiff's Complaint rehashes issues that were the subject of her previous law suits against the United States Department of Agriculture. However, Plaintiff now contends that Defendant "destroyed [her printer in] February 2007" and "disabled her computers and destroyed years of saved documentation."[1] Plaintiff also contends that Defendant has "disabled several Internet Services and manipulated her web sites to prevent her access."[2] As a result of Defendant's alleged activities, Plaintiff asserts that she's suffered numerous "unpleasant emotional and physical reactions."[3]

### TEMPORARY RESTRAINING ORDER

A temporary restraining order may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) the movant will suffer irreparable harm absent the restraining order; (3) the balance of harms favors the movant; and (4) the public interest favors

---

[1] Doc. No. 1.

[2] *Id.*

[3] *Id.*

1

the movant.[4]  Injunctive relieve is an extraordinary remedy, and is permissible only when there are inadequate legal remedies.[5]

Plaintiff alleges that "because of the threat of immediate danger to Plaintiff's physical, mental, and emotion health and life" resulting from Defendant's alleged interference with her computer, a temporary restraining order should be issued.  Because Plaintiff has not and can not establish that she will suffer irreparable harm from the temporary loss of use of her computer, the Motion for a Temporary Restraining Order is DENIED.

### PLAINTIFFS LISTED IN COMPLAINT

Plaintiff asserts that, in addition to her own claims, she is bringing claims on behalf of her aunts and mother.[6]  Since Ms. Crump-Donahue is not a licensed attorney, her attempt to bring claims on behalf of her aunts and mother constitutes the unauthorized practice of law.

Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business.[7]  However, it is well-settled that only a licensed attorney may represent another party in court.[8]  Arkansas law strongly disfavors non-lawyers representing the interests of other:

---

[4]*Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

[5]*Bandag, Inc. v. Jack's Tire & Oil Inc.*, 190 F.3d 924, 926 (8th Cir. 1999).

[6]Although not in the caption of her complaint, Plaintiff asserts that Mr. Eldora Spencer, Ms. Ophelia Richardson, the Georgia Lee Holloway Estate, and Ms. Juline Worthy are also plaintiffs.

[7]*Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939).

[8]See *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996) (A non-lawyer trustee may not represent a trust *pro se* in federal court); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (Non-lawyer purported trustees could not represent trust in court of United States.); *Abel v. Kowalski*, 913 S.W.2d 788 (Ark. 1996) (Appellant, who appeared *pro se*, but tendered a motion on behalf of other appellants, is not a licensed attorney, may not practice law in Arkansas, and may not represent other appellants).

2

> In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.[9]

When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity.

Accordingly, Plaintiffs Ms. Eldora Spencer, Ms. Ophelia Richardson, the Georgia Lee Holloway Estate, and Ms. Juline Worthy are DISMISSED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2) is DENIED, and Plaintiffs Eldora Spencer, Ophelia Richardson, the Georgia Lee Holloway Estate, and Juline Worthy are DISMISSED.

IT IS SO ORDERED this 11th day of June, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[9]*McKibben v. Mullis*, 90 S.W.3d 442, 450 (Ark. App. 2002).