IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUANITA M. CRUMP-DONAHUE                                                          PLAINTIFF

v.                                          4:07CV00511-WRW

UNITED STATES OF AMERICA                                                         DEFENDANT

### ORDER

A.  **Motion to Submit Supplements to TRO**

Pending are Plaintiff's Motions to Supplement her Motion for a Temporary Restraining Order (Doc. Nos. 13, 14).  Both motions are GRANTED, and I considered Plaintiff's supplemental information when reviewing her Motion for a TRO.

B.  **Motion for Temporary Restraining Order**

Pending is Plaintiff's Motion for Temporary Restraining Order ("TRO") (Doc. No. 2).  By Order entered on June 12, 2007, Plaintiff was directed to submit third-party affidavits and any other proof available to support her motion.  Plaintiff has responded; however, the response and supplements offer no new information that would warrant the entry of a TRO.  Accordingly, Plaintiff's Motion is DENIED.

C.  **Motion to Correct Name of Case**

Also pending is Plaintiff's Motion to Correct the Name of the Case (Doc. No. 9).  Plaintiff's Motion is GRANTED.  The Clerk of the Court is directed to omit the "Department of Agriculture" as the Defendant and replace it with "United States of America."

D.  **Motion to Recuse**

In the same motion (Doc. No. 9), Plaintiff asks that I recuse from hearing her suit. Under 28 U.S.C. § 455(a), I must disqualify myself in proceedings where my impartiality might be

questioned.[1] The party seeking my recusal "carries a heavy burden of proof" because "a judge is presumed to be impartial."[2]  I see no reason why I should disqualify myself, and Plaintiff has presented none. I have no personal knowledge of the Plaintiff or the facts underlying her claims and harbor no bias or prejudice. Therefore, Plaintiff's request for recusal is DENIED.

### E. Motion to Submit Supplemental Pleadings

Finally, Plaintiff filed a Motion to Submit Supplemental Pleadings (Doc. No. 12). Having read the motion, Plaintiff seems to be asking for leave to file an Amended Complaint. The Motion is DENIED. Instead, Plaintiff should submit a proposed Amended Complaint of no more than 40 pages incorporating the claims in her Motion to Supplement by Friday, June 22, 2007. Plaintiff should be aware that "even the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it."[3]  In her proposed Amended Complaint, Plaintiff should be as specific as possible in her allegations and in her identification of the Defendants.

IT IS SO ORDERED this 19th day of June, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT COURT JUDGE

---

[1] *Pope v. Federal Exp. Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citing *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1329 (8th Cir. 1985).

[2] *Id*. (citing *Ouachita Nat'l Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982)).

[3] *Mattes v. ABC Plastics, Inc.*, 323 F.3d 365, 369 (8th Cir. 2003).